FAMBROUGH v. FAMBROUGH et al.

No. 2657.

Court of Civil Appeals of Texas. Eastland.
April 23, 1948.

Rehearing Denied May 21, 1948.

L. D. Hawkins, of Breckenridge, for appellant.

Harrell & Harrell and D. T. Bowles, all of Breckenridge, for appellees.

GRAY, Justice.

T. C. Fambrough sued Alex Fambrough and his three sons, Billy Sam Fambrough, Raymond Lee Fambrough and Joe Price Fambrough, a minor, in trespass to try title to three surveys of land in Stephens County, Texas, being all of Surveys Nos. 3371, 3362 and 3363, T. E. & L. Co. Lands, aggregating 795 acres. The petition was in statutory form, alleging his ownership in fee simple of the surface thereof as of April 14, 1947, and unlawful entry thereon and dispossession of plaintiff on April 15, 1947. The court appointed a guardian ad litem for said minor, and defendants filed a joint answer of "not guilty." A jury was impaneled. At the conclusion of plaintiff's testimony, both sides rested, whereupon defendants filed their motion for an instructed verdict, which motion was granted by the court, and plaintiff appealed to this court. Said case was No. 14,030.

The appeal hinges on a "take nothing judgment" rendered in a previous suit, No. 13,910, in said District Court of Stephens County, styled T. C. Fambrough v. Alex Fambrough. The plaintiff T. C. Fambrough owned Surveys Nos. 3364, 3369 and 3370, adjoining on the north the three surveys here involved. All of said surveys had been part of a much larger ranch. There had been no cross fences between the tracts here involved and the boundary line between said surveys Nos. 3371, 3362, and 3363 on the one side and Nos. 3363, 3369 and 3370 on the other had not been definitely determined. However, in said first suit, plaintiff T. C. Fambrough claimed that he and defendant Alex Fambrough had agreed upon the boundary line and to build a fence on said agreed boundary line running from east to west, Alex Fambrough to begin on the west side and build half the distance east and T. C. Fambrough to begin on the east and build west until the fences met at the center of said dividing line. In pursuance of such agreement, Alex Fambrough began on the west boundary line at the southwest corner of Survey 3370 and the northwest corner of Survey 3371, but deviated from a true east course, veering to the north so that upon its completion, the terminus was 60 feet north of the true boundary line as later established by the court. T. C. Fambrough began on the east at the southeast corner of Survey 3364 and the northeast corner of Survey 3364 and thence west along the true boundary line as established later by the court to its middle point. Thus the two fences failed to meet by 60 feet.

T. C. Fambrough acquired title to Surveys 3364, 3369 and 3370 by warranty deed from J. G. Harrell, trustee, dated June 18, 1946, which surveys had been on said date conveyed by Alex Fambrough et al. to said J. G. Harrell, Trustee. Said deeds related only to the surface of the land and were subject to rights-of-way, easements and leases of record, affecting said lands; and

an agreement that a four-wire fence should be maintained along the south boundary line of said surveys, with gates to oil field roads, the east half of said fence to be erected by T. C. Fambrough and the west half by Alex Fambrough, to meet at the center point and to be completed by both parties by September 1, 1946. Alex Fambrough retained for himself a telephone right-of-way across said lands as same then existed.

Said Cause No. 13,910, was not as originally filed, a suit in trespass to try title. Plaintiff's original petition was long and indicated a number of grievances against defendant Alex Fambrough, for which he prayed damages. He also sought injunctive relief as to the right of ingress and egress. Failure of said defendant to build said fence on the true boundary line was alleged and plaintiff prayed that he be decreed to be the owner of same because defendant had erected it on plaintiff's land, and that said boundary line be established by the court. The defendant answered by numerous exceptions, general and special denials, and a cross action for title and possession of Surveys 3363, 3362 and 3371. The answer to the cross action was a plea of not guilty. It may be noted that T. C. Fambrough had set up no claim whatsoever to said Surveys 3363, 3362 and 3371 to which Alex Fambrough had a deed. It is clear that the only basis for said cross action was the supposition or belief that T. C. Fambrough in building his part of said fence, had erected same across said last named surveys instead of on the true boundary line. It is further apparent from the pleadings and the judgment noticed later, that aside from the damages claimed by plaintiff for alleged injuries sustained, the real issue, and the only issue of any consequence involved was the question of boundary between the said three surveys owned by T. C. Fambrough and the said three owned by Alex Fambrough.

Said Cause No. 13,910 was tried to the court without a jury. The judgment of the court found and decreed: (a) That the true boundary line in controversy was a common boundary line with the north boundary line of Surveys 3371, 3362 and 3363, being a continuous straight line connecting the southeast corner of Survey 3364 and the northeast corner of Survey 3363; thence west to the southwest corner of Survey 3370 and the northwest corner of 3371, as now located on the ground, the location of both said corners being undisputed. This coincided with the part line of the fence built by T. C. Fambrough. (b) That T. C. Fambrough was not entitled to recover the fence so built by Alex Fambrough, but Alex Fambrough was given 60 days within which to remove the same to the true boundary line under penalty of $200 for failure to do so. (c) T. C. Fambrough was awarded $3 for telephone poles cut on his land, and denied injunctive relief. (d) "Ingress and egress" were defined as applicable to the controversy. (e) The judgment recited: "It is further ordered, adjudged and decreed by the court that defendant Alex Fambrough take nothing as against the plaintiff, T. C. Fambrough, by reason of said cross action filed herein by said defendant against said plaintiff, but that as to same, plaintiff be permitted to go hence without day. It is further ordered, adjudged and decreed by the court that except as herein expressly provided, neither party shall have or recover anything against the other party hereto." (f) The costs were adjudged against Alex Fambrough.

Both parties excepted to the judgment and gave notice of appeal, but neither perfected an appeal. Alex Fambrough paid said costs and within 60 days removed said fence to the true boundary line. The theory of appellant here is that although the said cross action filed by Alex Fambrough for the recovery and possession of Surveys 3363, 3362 and 3371 to which he had a good record title and had in his possession, placed the title to said entire three surveys in issue, and that the take nothing judgment against the plaintiff, Alex Fambrough, in cross action had the legal effect of vesting title thereto in T. C. Fambrough. We think that under all the pleadings, the evidence and judgment roll, said plea of not guilty was no more than a disclaimer of any right, title or claim to said land.

We now revert to Cause No. 14,030, the case on appeal. Appellant's attorney has filed a very able and interesting brief in

which numerous authorities are cited as to the legal effect of a "take nothing" judgment in trespass to try title cases. We are in accord with said decisions, but under the entire record here presented, we have reached the conclusion that they are not applicable to the case at bar. We know of no better way to summarize our conclusions than to quote appellees' motion for an instructed verdict with which we are in entire accord:

"To the Honorable Judge of Said Court:

"Comes now the Defendants Alex Fambrough, Billy Sam Fambrough, Raymond Lee Fambrough and Joe Price Fambrough, at the conclusion of the testimony, and after both sides had rested, and move the court to instruct the jury for the defendants in this cause, for the following reasons, to-wit:

"1. Because the plaintiff has failed to connect himself with the title to the three tracts of land in controversy, except as he may be connected therewith as a result of the judgment in Cause No. 13,910, styled T. C. Fambrough vs. Alex Fambrough, on the docket of this court.

"2. Because it appears as a matter of law that the legal effects of the judgment in Cause No. 13,910, styled T. C. Fambrought vs. Alex Fambrough was to settle the boundary line between Surveys 3364, 3369 and 3370, and Surveys 3371, 3362 and 3363, and denied the contention of Alex Fambrough, plaintiff in a cross action in said cause, that the boundary line between said surveys was located 60 feet north of the fence erected by the plaintiff, and further to fix said boundary line as beginning on the eastern terminus of the fence erected by plaintiff T. C. Fambrough, and extending with said fence westward to the end thereof and continuing beyond said fence in a straight line to the southwest corner of Survey 3370.

"3. Because the judgment in Cause No. 13,910, styled T. C. Fambrough vs. Alex Fambrough, did nothing more than settle the boundary between the land belonging to the plaintiff therein, T. C. Fambrough, and the defendant therein, Alex Fambrough, and the only part of the title being at issue in said suit was a strip alleged to be 60 feet in width lying north of the fence erected by the plaintiff in said cause, which said 60 feet was alleged to be a part of Surveys 3363, 3362, and 3371, and said judgment, when read and construed in connection with the pleadings of the parties to said suit, simply had the effect of fixing the boundary between the said surveys and the fence erected by the plaintiff, T. C. Fambrough, and continuing west in a straight line to the southwest corner of Survey 3370 and the northwest corner of Survey 3371.

"Wherefore, the defendants pray that the court instruct the jury to return a verdict in favor of the defendants and that the plaintiff take nothing by reason of his suit herein."

Appellants claim that the prior judgment had the effect of awarding title to Alex Fambrough's three surveys to T. C. Fambrough is refuted by the language of the judgment itself. It recites that "except as herein *expressly* provided, neither party shall have or recover anything against the other." It certainly cannot be contended that title to Surveys 3363, 3362 and 3371 was expressly divested out of Alex Fambrough and vested in T. C. Fambrough. T. C. Fambrough had asserted no claim to ownership of said surveys. The judgment expressly denied T. C. Fambrough title to the fence built by Alex Fambrough on T. C. Fambrough's land. If the court had intended to award title to all the surveys to T. C. Fambrough, then that part of the judgment ordering Alex Fambrough to move the part of the common boundary fence built by him off of T. C. Fambrough's land within 60 days, and to put that part of the fence on the boundary established between the lands of Alex and T. C. Fambrough, as well as other portions of the judgment, would have been useless and meaningless.

We have considered all other points raised but perceive no reversible error and they are overruled.

The judgment of the trial court is affirmed.